**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

In Re:

ADVANCED TELECOMMUNICATION
NETWORK, INC.,

    Debtor.

Bankr. Case No. 6:03-bk-229-KSJ

_____

ADVANCED TELECOMMUNICATION
NETWORK, INC.,

    Appellant,

v.                                     Case No. 6:16-cv-1756-Orl-37

FLASTER/GREENBERG, P.C. &
PETER R. SPIRGEL,

    Appellee,

_____

**ORDER**

This cause is before the Court on the following:

1. Appellant's Notice of Appeal (Doc. 1), filed October 4, 2016;

2. Appellant's Motion to District Court for Leave to Appeal Order of Bankruptcy Court (Doc. 1-3), filed October 4, 2016; and

3. The parties' Agreed Motion to Reassign Appellate Case (Doc. 3), filed October 19, 2016.

On January 7, 2005, Advanced Telecommunication Network, Inc. ("**ATN**") initiated the underlying bankruptcy action in the U.S. Bankruptcy Court for the Middle District of Florida. (Bankr. Doc. 1.) In the natural course of litigation, ATN moved to compel

Appellees to comply with ATN's requests for production ("**RFPs**"). (*See* Bankr. Docs. 172, 173.) On February 29, 2016, ATN amended its motion to compel compliance with its RFPs. (Bankr. Doc. 177 ("**Amended Motion to Compel**").) Appellee responded (Bankr. Docs. 179, 186), and the bankruptcy court denied the Amended Motion to Compel at a hearing held on July 14, 2016. (Bankr. Doc. 196.) The bankruptcy court then entered a written order in accordance with its *ore tenus* denial on July 18, 2016. (Bankr. Doc. 197 ("**Denial Order**").) Subsequently, on September 21, 2016, the bankruptcy court amended the Denial Order "for the purpose of clarifying the document numbers resolved by the Court's ruling." (Bankr. Doc. 211 ("**Amended Order**").)

On October 4, 2016, ATN filed a notice of interlocutory appeal ("**Notice**") in this Court along with its motion for leave to appeal ("**Motion for Leave**"). (Doc. 1; *see also* Doc. 1-3.) Appellees responded, maintaining that the Motion for Leave was, *inter alia*, untimely. (Doc. 4.) Additionally, the parties seek to reassign the instant appeal to U.S. District Court Judge John Antoon, II due to his prior involvement with appeals in related proceedings. (Doc. 3.)

With few exceptions not relevant here, an appeal from the bankruptcy court must be made "within 14 days after the entry of the judgment, order or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). The fourteen-day time period applies with equal force to interlocutory appeals. Fed. R. Bankr. P. 8004(a) (stating that appeals from interlocutory orders must "be filed within the time allowed by Rule 8002"). This constraint on appeals is "mandatory and jurisdictional." *In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000) (quoting *Griggs v. Provident Consumer Disc. Co.*, 495 U.S. 56, 61 (1982)); *see also* Fed. R. Bankr. P. 8003(a)(1).

ATN assumes, without explanation, that its Motion for Leave was timely filed. (*See* Doc. 1-3, p. 2.) Seemingly, the assumption that ATN wants the Court to make is that the Amended Order began the time period from which to appeal. Apart from noting that the Denial Order was "without prejudice" whereas the Amended Order omitted this reference, ATN advances no reason in support of its assumption. (*See id.*) Not only is ATN's assumption contrary to law, it misidentifies the error that the bankruptcy court sought to correct. (*Id.* at 2.)

The U.S. Supreme Court has long held that "the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought." *Fed. Trade Comm'n v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211 (1952); *see also Wane v. Loan Corp.*, 613 F. App'x 879, 881 (11th Cir. 2015). Rather, only those changes made to "matters of substance," such as "legal rights or obligations" or that resolve "a genuine ambiguity" will cause the time period for appeal to run anew. *Minneapolis-Honeywell*, 344 U.S. at 211–12; *see, e.g.*, *In re Ng*, 330 F. App'x 690 (9th Cir. 2009) (applying the principles in *Minneapolis-Honeywell* in the bankruptcy context).

Notwithstanding ATN's contrary suggestion, the Amended Order is explicit as to the reason for its entry. (*See* Doc. 211). The Denial Order referenced an irrelevant docket number, rather than the motion that the bankruptcy court sought to resolve. (*See id.*) This scrivener's error did not "disturb[] or revise[] legal rights and obligations" and thus did not toll ATN's time to seek appellate review. *See Minneapolis-Honeywell*, 344 U.S. at 212. Moreover, the bankruptcy court did not extend the time to appeal.

Based on the foregoing, ATN's time to appeal began on the entry of the Denial

Order on July 18, 2016, and, thus, ATN's Notice—filed on October 4, 2016—was untimely. Consequently, ATN's Motion for Leave is due to be denied, ATN's appeal is due to be dismissed, and the parties' motion to reassign the instant action is due to be denied as moot.

    Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Appellant Advanced Telecommunication Network, Inc.'s Motion to District Court for Leave to Appeal Order of Bankruptcy Court (Doc. 1-3) is **DENIED**.
2. Appellant's Notice of Appeal (Doc. 1) is **DISMISSED WITH PREJUDICE**.
3. The parties' Agreed Motion to Reassign Appellate Case (Doc. 3) is **DENIED AS MOOT**.
4. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 27, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record